### KILMER MANUF'G CO. v. GRISWOLD et al.

(Circuit Court of Appeals, Second Circuit. April 23, 1895.)

#### No. 93.

1. APPEALS FROM INTERLOCUTORY DECREE—CIRCUIT COURT OF APPEALS—PATENT CASES.

Where both parties appealed from an interlocutory decree finding that one claim of a patent was invalid, and that another claim was valid and infringed, and directing an injunction and accounting, *held*, that the only appeal which could be considered by the circuit court of appeals was from so much of the decree as granted an injunction.

2. PATENTS—INVENTION—INJUNCTION AGAINST INFRINGEMENT—BALE TIES.

The Kilmer patent, No. 372,375, for an improvement in adjustable bale ties, *held* to be apparently without invention, as to its second claim, in view of the Griswold patent, No. 322,442, and the prior Kilmer patent, No. 282,991; and *held*, therefore, that an interlocutory decree granting an injunction to restrain infringement thereof should be reversed. Shipman, Circuit Judge, dissenting. 62 Fed. 119, reversed.

Appeal from the Circuit Court of the United States for the Northern District of New York.

This was a bill by the Kilmer Manufacturing Company against J. W. Griswold and F. B. Griswold for alleged infringement of patents Nos. 282,991 and 372,375, issued to Irving A. Kilmer August 14, 1883, and November 1, 1887, respectively, for improvements in adjustable bale ties. Upon the hearing, complainant's contention was confined to the second claim of each patent. The circuit court held that the second claim of No. 282,991 was invalid, and that the second claim of No. 372,375 was valid, and had been infringed by defendants, and decreed an accounting, and an injunction restraining them from future infringement. 62 Fed. 119. From this interlocutory decree both parties have appealed.

W. H. Singleton and S. A. Duncan, for complainant.
Edwin H. Brown, for defendants.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. Inasmuch as the decree of the circuit court is not final, the only appeal which can be considered is from so much of such decree as grants an injunction. The bale tie of No. 282,991, as complainant contends, possessed the following

characteristics: (1) A band made of wire. (2) A clasp made of wire, and of larger gauge than that of the band, and presenting a rounded bearing surface to the band wire. (3) A pinching angle in the wire clasp, formed by bending the wire composing the clasp into the form of a V, having an apex smaller than the diameter of the band wire. (4) Such a union between the band wire and the clasp that the pull upon the band arising from the expansive force of the bale will operate to hold the sides of the pinching angle from spreading under the wedging action of the free end of the band.

Fig.1.

Fig. 2

It is manifest that the tendency of a wire forced down into the angle of the V is to spread the arms of the V apart. This is overcome in the patent by prolonging the arms, and inclining them inward until they touch each other; thus forming, approximately, a diamond-shaped aperture, into one corner of which the loose end is forced, and then placing an eye or loop at the extremity of each arm, through which the clasp end of the wire is passed, and made fast. Whenever expansion of the bale forces the loose end of the wire deeper down into the angle, the same expansion draws the two eyes tighter together, and thus prevents any spreading of the arms of the V. The circumstance that the clasp is made of wire very much stouter and stronger than the band wire prevents the elongation of the diamond-shaped aperture, and any consequent drawing together of the sides which form the V-shaped angle. Patent No. 372,375 declares that:

"This invention is an improvement upon U. S. patent No. 282,991. In this patent [meaning No. 282,991] the band has a clasp made of wire much larger than that of which the band is made. This clasp has an angle in which the loose end of the wire of the band is caught and bound when the bale expands. In this patented device [still referring to No. 282,991] the ends of the clasp are close together where the clasp is secured to the band, and hence when the bale expands the clasp maintains its normal position."

### Fig. 1.

### Fig. 2.

Then follows a description of the drawings, the essential feature of which is the clasp, B—

"Substantially a V-shaped piece of * * * wire, the ends, b, of which surround the [loose end of the bale wire when placed in the angle of the V], and are spread some distance apart, * * * and not in contact, as in the patent [No. 282,991] referred to."

The arms of the clasp form the angle $b^5$. The patent proceeds:

"In use, after the bale is compressed, the band is placed about it, and the loose end, $a^2$, is inserted into the angle, $b^5$, and twisted about itself. The bale. being released, expands, tightening on the band. This causes the sides, $b^2$, to come towards each other until the ends, b, contact. The result is that the wire, A, is not simply held in the angle by being pulled therein, as shown in the patent referred to [No. 282,991], but there is a positive action of the clasp, so that the wire is not only pulled into the angle, but also the clasp is jammed against the wire, thus forming a double security against the wire being pulled out."

The claim relied on is:

"(2) The band, A, having the clasp, B, with the angle, $b^2$, and its ends, b, apart, as set forth."

The extent of this improvement is quite clearly set forth. By reason of the circumstance that the prolongations of the arms of the V do not curve inward, and normally contact, the pressure exerted by the expansion of the bale operating to pull the wire which is rove through the eyes at the ends of the V arms, draws them together so that they nip the loose end of the band wire in the angle. Devices performing similar functions in a similar way were known in analogous arts. A sufficient illustration of these is found in the stocking supporter of the Phelps patent, No. 301,150. It is unnecessary to discuss the effect of such prior devices. The circuit court disregarded them, holding that the fundamental idea of this patent, 372,375, was new, as applied to bale ties, and that as Kilmer was the first to employ, in a bale tie, a clasp which added this gripping action to the wedging action of his earlier patent, his patent disclosed a meritorious invention, and should be sustained. The court, however, seems to have overlooked the patent to F. B. Griswold for a bale tie, No. 322,442, issued July 21, 1885, nearly two years before complainant's application. The clasp of this tie is best shown in Fig. 3 of that patent, as follows:

The end, P, is passed through a loop at the other extremity of the bale wire; is then turned backward, passed through the eye, E, and bent under the twisted wire shown between $a^2$ and $w^1$. It rests then in the V-shaped angle formed by the arms, $w^1$ and $T^1$. The pressure produced by the expansion of the bale operates to wedge the wire, P, into that angle; and at the same time the pull in the direction of the band wire, T, elongates the eye, E, and thus brings the sides of the V closer together, so as to nip the wire in the angle. Complainant's device is much simpler than this, and is applicable to all sizes of bale tie, while this Griswold device could probably be used to advantage only with what are known as "dimension" bale ties, which are used for bales of uniform circumference. Still, this Griswold device does show the addition of a gripping action to the wedging action, and that, too, in a clasp for bale ties. Moreover, this Griswold device is not open to the objection formulated in Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825, viz. that, although it might be made to accomplish the function performed by the patent in question, "it was not designed by its maker, nor adapted, nor actually used, for the performance of such functions." The specification of the Griswold patent, No. 322,442, after describing the method of passing the end of the wire, P, through the loop and the eye, says:

"When the parts are thus connected, and any strain is brought upon the tie union, such strain tends to close in the sides of the eye, E, so as to more firmly hold the wire, P, in its clutch; and hence the latter need only be secured beyond the eye, E, by any means that will keep it where bent, towards the loop, so as to rest on the bale, or against itself."

With this patent in the prior art, it is difficult to see how there could be patentable invention merely in adding a gripping action to the wedging action in a clasp which, in all its other details, was covered by the first Kilmer patent, and that addition is all that is described or claimed in this second Kilmer patent. The decree of the circuit court is reversed, with costs, and cause remitted, with instructions to decree in conformity with this opinion.

SHIPMAN, Circuit Judge (dissenting). The reason of my dissent from the conclusions of the majority of the court is as follows: The improvement in No. 372,375 consisted in the substantial separation of the elastic ends of the clasp, so that, when pulled together by the expansion of the bale, they would give to the clamp a gripping action. I agree with Judge Coxe that the device of the Foote patent (No. 139,-899), upon which, apparently, the most reliance was placed by the defendants' experts, was not an anticipation, and for the reasons which he states. The device of the F. B. Griswold patent, No. 322,-442, dated July 21, 1885, is regarded by the majority of the court as embodying the idea of closing the sides of the clamp, and thereby gripping the tie wire in so substantial a manner as to preclude the existence of patentable invention in the device of the second claim of No. 372,375. As has been said, the improvement in this claim consisted in the separation at some distance from each other of the elastic ends of the clasp. The clamp of the F. B. Griswold patent was an eye formed by doubling the tie wire back upon itself, twisting the two parts together, leaving an untwisted place to form the eye, and then twisting the two parts together again. At each end of the eye the wires close together, and form an angle. It is true that by the strain of the expanding bale the sides of the eye are probably brought together so as to hold more firmly the wire in its clutch, and that thus Griswold had in his mind the idea of a gripping movement. Kilmer made this idea far more available by separating the sides of the clamp, giving them loose play at the end opposite the V-shaped angle, so that the gripping action, when they were pulled together, was powerful. In my opinion, Kilmer's departure from Griswold's attempt at a gripping action was sufficiently marked, substantial, and operative to constitute invention.