## SMITH v. VULCAN IRON WORKS.

## NORTON v. WHEATON.

PETITIONS FOR WRITS OF CERTIORARI TO THE COURT OF APPEALS
FOR THE NINTH CIRCUIT.

Nos. 200, 639.   Argued January 19, 1897. — Decided February 15, 1897.

Under the act of March 3, 1891, c. 517, § 7, an appeal to the Circuit Court
of Appeals from an interlocutory order or decree of the Circuit Court,
granting an injunction and ordering an account, in a patent case, may
be from the whole order or decree; and upon such an appeal the Circuit
Court of Appeals may consider and decide the case on its merits, and
thereupon render, or direct a final decree dismissing the bill.

IN each of these cases, the Circuit Court of the United States
for the Northern District of California, upon a bill in equity
for the infringement of a patent for an invention, an answer
denying the validity and the infringement of the patent, a
general replication and a hearing, entered an interlocutory
decree, adjudging that the patent was valid and had been in-
fringed, granting an injunction, and referring the case to a
master to take an account of profits and damages. From
that decree, in each case, the defendant appealed to the Cir-
cuit Court of Appeals for the Ninth Circuit.

In the first case, the defendant, at the time of taking the
appeal, filed in the Circuit Court an assignment of errors, al-
leging error in holding that the patent was valid, and that it
had been infringed. The plaintiff moved the Circuit Court
of Appeals to dismiss the appeal, so far as it involved any
question except whether an injunction should be awarded.
But that court denied the motion; and, upon a hearing, ex-
amined the questions of validity and infringement, decided
them in favor of the defendant, and entered a decree reversing
the decree of the Circuit Court.   15 U. S. App. 217, 577.   On
petition of the plaintiff, this court, on January 28, 1895, granted
a writ of certiorari to the Circuit Court of Appeals.

In the second case, the Circuit Court of Appeals affirmed
the decree of the Circuit Court; 29 U. S. App. 409; but, upon

a rehearing, decided that there had been no infringement, reversed its own decree and that of the Circuit Court, and remanded the case with instructions to dismiss the bill; and afterwards denied a petition for a rehearing, and a motion to certify questions of law to this court. 44 U. S. App. 118, 425. The Circuit Court, upon receiving the mandate of the Circuit Court of Appeals, and without hearing the plaintiffs, entered a final-decree dismissing the bill. An appeal from this decree was taken by the plaintiff to the Circuit Court of Appeals, and upon the defendant's motion, and without any hearing on the merits, was dismissed by that court. The plaintiff, on November 9, 1896, presented to this court a petition for a writ of *certiorari;* and the court thereupon granted a rule to show cause why the writ should not issue to bring up the decree of the Circuit Court of Appeals, "so that it may be determined whether, upon an appeal from an interlocutory decree granting a temporary injunction in a patent case, the Circuit Court of Appeals can render or direct a final decree on the merits."

That question was now, by leave of the court, orally argued in both cases; the parties in the first case stipulating in writing that, if the decision of this court upon that question should be in favor of the jurisdiction of the Circuit Court of Appeals, the case should be dismissed by the appellees.

*Mr. Calderon Carlisle* (with whom was *Mr. William G. Johnson* on the brief) for the Vulcan Iron Works.

*Mr. John H. Miller* (with whom was *Mr. M. Estee* on the brief) for the petitioners in both cases.

*Mr. Milton A. Wheaton* in person for himself.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

The act of March 3, 1891, c. 517, establishing Circuit Courts of Appeals, after providing in section 5, for appeals from the Circuit Courts and District Courts directly to this court in

certain classes of cases; and, in section 6, for appeals from final decisions of those courts to the Circuit Court of Appeals in all other cases, including cases arising under the patent laws; further provides, in section 7, that " where, upon a hearing in equity in a District Court, or in an existing Circuit Court, an injunction shall be granted or continued by an interlocutory order or decree, in a cause in which an appeal from a final decree may be taken under the provisions of this act to the Circuit Court of Appeals, an appeal may be taken from such interlocutory order or decree granting or continuing such injunction to the Circuit Court of Appeals: Provided, that the appeal must be taken within thirty days from the entry of such order or decree, and it shall take precedence in the appellate court; and the proceedings in other respects in the court below shall not be stayed, unless otherwise ordered by that court, during the pendency of such appeal." 26 Stat. 828.

The questions presented by each of these cases are whether, in a suit in equity for the infringement of a patent, an appeal to the Circuit Court of Appeals from an interlocutory order or decree of the Circuit Court, granting an injunction, and referring the case to a master to take an account of damages and profits, may be from the whole order or decree, or must be restricted to that part of it which grants the injunction; and whether the Circuit Court of Appeals, upon such an appeal, may consider and decide the merits of the case, and, if it decides them in the defendant's favor, may order the bill to be dismissed.

Upon these questions there has been some diversity of opinion among the Circuit Courts of Appeals of the different circuits. But those courts have now generally concurred in taking the broader view of the appeal itself, and of the power of the appellate court.

In the earliest of such appeals, the cases were examined on the merits, and, upon a reversal of the order or decree appealed from, the authority to direct the bill to be dismissed was assumed, without question, in the Circuit Courts of Appeals for the Fifth Circuit: *Dudley E. Jones Co. v. Munger Co.*

(December, 1891), 2 U. S. App. 55; for the First Circuit: *Richmond* v. *Atwood* (February, 1892), 5 U. S. App. 1; and for the Second Circuit: *American Pail Co.* v. *National Box Co.* (July, 1892), 1 U. S. App. 283. The cases in the Fifth and First Circuits were afterwards reconsidered upon petitions for rehearing. In the Fifth Circuit, the decree was modified so as only to direct the injunction to be dissolved. *Dudley E. Jones Co.* v. *Munger Co.* (May, 1892), 2 U. S. App. 188. But in the First Circuit, the power of the Circuit Court of Appeals, upon such an appeal, to consider the merits of the case, and to order the bill to be dismissed, was maintained, after thorough discussion of the subject on principle and authority, in an opinion delivered by Judge Aldrich. *Richmond* v. *Atwood* (September, 1892), 5 U. S. App. 151.

This view has since prevailed, not only in the First Circuit: *Marden* v. *Campbell Press Co.* (May, 1895), 33 U. S. App. 123; *Wright & Colton Co.* v. *Clinton Co.* (May, 1895), 33 U. S. App. 188, 206, 236; but also in the Second Circuit: *Florida Construction Co.* v. *Young* (December, 1892), 11 U. S. App. 683, 685; *Bidwell Cycle Co.* v. *Featherstone* (August, 1893), 14 U. S. App. 632, 655; *Curtis* v. *Overman Wheel Co.* (December, 1893), 20 U. S. App. 146; *Westinghouse Brake Co.* v. *New York Brake Co.* (October, 1894), 26 U. S. App. 248, 358; *Kilmer Manuf. Co.* v. *Griswold* (April, 1895), 35 U. S. App. 246; in the Third Circuit: *Union Switch Co.* v. *Johnson Signal Co.* (May, 1894), 17 U. S. App. 609, 611, 620; *Erie Rubber Co.* v. *American Dunlop Tire Co.* (July, 1895), 28 U. S. App. 470, 513, 522; in the Seventh Circuit: *Temple Pump Co.* v. *Goss Pump Co.* (October, 1893), 18 U. S. App. 229; *Northwestern Stove Co.* v. *Beckwith* (October, 1893), 18 U. S. App. 245; *Electric Manuf. Co.* v. *Edison Electric Co.* (May, 1894), 18 U. S. App. 637, 643; *Card* v. *Colby* (November, 1894), 24 U. S. App. 460, 480, 486; *Standard Elevator Co.* v. *Crane Elevator Co.* (October, 1896), 46 U. S. App. —; in the Eighth Circuit: *Lockwood* v. *Wickes* (June, 1896), 40 U. S. App. 136, overruling *S. C.* (December, 1895), 36 U. S. App. 321; and in the Ninth Circuit: *Consolidated Cable Co.* v. *Pacific Cable Co.* (July, 1893), 15 U S. App. 216;

*Butte City Railway.* v. *Pacific Cable Railway* (February, 1894), 15 U. S. App. 341.; *Vulcan Iron Works* v. *Smith* (May, 1894), 15 U. S. App. 577; *Wheaton* v. *Norton* (January, 1895), 29 U. S. App. 409, and (October, 1895), 44 U. S. App. 118, 170.

In the Fourth Circuit, the question does not appear to have arisen in a patent case. But where, upon a bill in equity to restrain a supervisor of registration from interfering with the right to vote at the election of delegates to a convention to revise the constitution of the State of South Carolina, the Circuit Court of the United States for the District of South Carolina had, by successive orders, granted and continued a temporary injunction, the Circuit Court of Appeals, upon appeal from these orders, entered a decree, not only reversing the orders, but directing the bill to be dismissed; the Chief Justice saying, " Although the appeal is from interlocutory orders, yet, as we entertain no doubt that such a bill cannot be maintained, we are constrained, in reversing these orders, to remand the cause with a direction to dismiss the bill." *Green* v. *Mills* (1895), 25 U. S. App. 383, 398. An appeal from that decree was dismissed by this court, without touching this question. 159 U. S. 651.

In the Sixth Circuit, on the other hand, in a case in which the Circuit Court had entered an interlocutory decree sustaining the validity of the patent, adjudging that there was an infringement, ordering an account of damages and profits, and granting an injunction, and had allowed an appeal from so much only of that decree as granted the injunction, and denied an appeal from the rest of the decree, the Circuit Court of Appeals, in an opinion delivered by Mr. Justice Jackson (then Circuit Judge) with the concurrence of Judge Taft and Judge Hammond, held that the appeal had been properly restricted by the Circuit Court, and that the Circuit Court of Appeals had no authority, upon this appeal, to hear and fully determine the merits of the case, but that those remained, notwithstanding the appeal, within the jurisdiction and control of the Circuit Court. That decision was made before the second decision in *Richmond* v. *Atwood*, 5 U. S. App. 151, above cited,

had been reported, and without reference to the practice of courts of chancery elsewhere. And it was said in the opinion: "It would doubtless have been well if, in the creation of this court, the seventh section of the act had permitted or authorized an appeal from interlocutory decrees sustaining the validity of patents and adjudging their infringement, so as to obviate in many cases the taking of expensive accounts, and the delays incident thereto." *Columbus Watch Co.* v. *Robbins* (October, 1892), 6 U. S. App. 275, 281. A certificate thereupon made by the Circuit Court of Appeals, for the purpose of obtaining the instructions of this court, was dismissed by this court, with Mr. Justice Jackson's concurrence, because no question of law was distinctly certified, and because the Circuit Court of Appeals had decided the case before granting the certificate. 148 U. S. 266.

That decision was long treated as settling the practice in that circuit on appeals from such interlocutory decrees, and as permitting the questions of validity and infringement to be considered only so far as they affected the granting or refusal of an injunction. *Blount* v. *Société Anonyme* (November, 1892), 6 U. S. App. 335; *Columbus Watch Co.* v. *Robbins* (October, 1894), 22 U. S. App. 601, 634; *Duplex Press Co.* v. *Campbell Press Co.* (July, 1895), 37 U. S. App. 250; *Thompson* v. *Nelson* (November, 1895), 37 U. S. App. 478; *Goshen Co.* v. *Bissell Co.* (December, 1895, and February, 1896), 37 U. S. App. 555, 689.

But, at last, the Circuit Court of Appeals of the Sixth Circuit, in an able and elaborate opinion delivered by Judge Lurton, with the concurrence of Judge Taft and Judge Hammond, being a majority of the court which had made the decision in *Columbus Watch Co.* v. *Robbins*, 6 U. S. App. 275, above cited, expressly overruled that decision, and brought the practice in that circuit into harmony with the practice prevailing in other circuits. *Bissell Co.* v. *Goshen Co.* (March, 1896), 43 U. S. App. 47; *Dueber Co.* v. *Robbins* (May, 1896), 43 U. S. App. 391.

By the practice in equity, as administered in the Court of Chancery and the House of Lords in England, and in the

Courts of Chancery and Courts of Errors in the States of New York and New Jersey, appeals lay from interlocutory, as well as from final, orders or decrees; and upon an appeal from an interlocutory order or decree the appellate court had the power of examining the merits of the case, and, upon deciding them in favor of the defendant, of dismissing the bill, and thus saving to both parties the needless expense of a further prosecution of the suit. Palmer H. L. Pract. 1; 2 Dan. Ch. Pract. (1st ed.) 1491, 1492; *Forgay* v. *Conrad*, 6 How. 201, 205; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436, 498, 499, 507–509; *Bush* v. *Livingston*, 2 Caines Cas. 66, 86; *Newark & New York Railroad* v. *Newark*, 8 C. E. Green (23 N. J. Eq.), 515.

But under the judicial system of the United States, from the beginning until the passage of the act of 1891 establishing Circuit Courts of Appeals, appeals from the Circuit Courts of the United States in equity or in admiralty, like writs of error at common law, would lie only after final judgment or decree; and an order or decree in a patent cause, whether upon preliminary application or upon final hearing, granting an injunction and referring the cause to a master for an account of profits and damages, was interlocutory only, and not final, and therefore not reviewable on appeal before the final decree in the cause. Acts of September 24, 1789, c. 20, §§ 13, 22, 1 Stat. 81, 84; March 3, 1803, c. 40, 2 Stat. 244; Rev. Stat. §§ 691, 692, 699, 701; *Forgay* v. *Conrad*, above cited; *Barnard* v. *Gibson*, 7 How. 650; *Humiston* v. *Stainthorp*, 2 Wall. 106; *Keystone Iron Co.* v. *Martin*, 132 U. S. 91; *McGourkey* v. *Toledo & Ohio Railway*, 146 U. S. 536, 545; *American Construction Co.* v. *Jacksonville &c. Railway*, 148 U. S. 372, 378, 379.

The provision of section 7 of the act of 1891, that where "upon a hearing in equity" in a Circuit Court "an injunction shall be granted or continued by an interlocutory order or decree," in a cause in which an appeal from a final decree might be taken to the Circuit Court of Appeals, "an appeal may be taken from such interlocutory order or decree granting or continuing such injunction" to that court, authorizes,

according to its grammatical construction and natural meaning, an appeal to be taken from the whole of such interlocutory order or decree, and not from that part of it only which grants or continues an injunction.

The manifest intent of this provision, read in the light of the previous practice in the courts of the United States, contrasted with the practice in courts of equity of the highest authority elsewhere, appears to this court to have been, not only to permit the defendant to obtain immediate relief from an injunction, the continuance of which throughout the progress of the cause might seriously affect his interests; but also to save both parties from the expense of further litigation, should the appellate court be of opinion that the plaintiff was not entitled to an injunction because his bill had no equity to support it.

The power of the appellate court over the cause, of which it has acquired jurisdiction by the appeal from the interlocutory decree, is not affected by the authority of the court appealed from, recognized in the last clause of the section, and often exercised by other courts of chancery, to take further proceedings in the cause, unless in its discretion it orders them to be stayed, pending the appeal. _Hovey_ v. _McDonald_, 109 U. S. 150, 160, 161; _In re Haberman Co._, 147 U. S. 525; _Messonnier_ v. _Kauman_, 3 Johns. Ch. 66.

In each of the cases now before the court, therefore, the Circuit Court of Appeals, upon appeal from the interlocutory decree of the Circuit Court, granting an injunction and ordering an account, had authority to consider and decide the case upon its merits, and thereupon to render or direct a final decree dismissing the bill.

In the second case, it was argued, in support of the petition for a writ of _certiorari_, that the Circuit Court, upon receiving the mandate of the Circuit Court of Appeals directing a dismissal of the bill, erred in entering a final decree accordingly, without further hearing; and that the Circuit Court of Appeals erred in dismissing an appeal from that decree. But the rule to show cause did not proceed upon that ground. And the merits of the case, having been once determined by

the appellate court in reversing the interlocutory decree, were not open to reconsideration at a later stage of the same case, either in that court or in the court below. *Sanford Fork & Tool Co., petitioner*, 160 U. S. 247, and cases there cited; *Great Western Tel. Co. v. Burnham*, 162 U. S. 339. Had the case been heard anew in each court after the first mandate, the only difference in the result would have been an affirmance, instead of a dismissal, upon the second appeal. That difference, not affecting the essential rights of the parties, is no ground upon which this court should exercise its discretionary power of issuing a writ of certiorari.

It follows that, in the first case, in accordance with the stipulation of the parties, the writ of certiorari heretofore granted is dismissed; and, in the second case, the writ of certiorari is denied.                    *Judgments accordingly.*