VULCAN DETINNING COMPANY, appellant,

*v.*

AMERICAN CAN COMPANY, respondent.

[Argued March 9th, 1909.   Decided June 14th, 1909.]

Where defendant making use of complainant's secret process did not know that it was infringing upon complainant's rights until it acquired notice thereof by complainant's filing of a bill to restrain further use of the process, but continued the user thereof after such notice, complainant was entitled to an accounting of profits made by defendant through the use of the process from the date of filing the bill up to the time of taking the account, but not for profits made before the filing of the bill; defendant's user before that time not amounting to wrong-doing.

On appeal from an order of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *69 Atl. Rep. 1103.*

*Mr. Richard V. Lindabury,* for the appellant.

*Mr. Robert H. McCarter (Mr. Henry Wollman* and *Mr. Albert E. Seidman,* of the New York bar, upon the brief), for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case prayed for an injunction restraining the defendants from using a secret process of the complainant for detinning tin scrap, and also for an accounting of the profits made by the defendants through the use of that process. The case went to a hearing on bill, answer, replication and proofs, and resulted in a decree of dismissal. On review by this court the decree was reversed, and it was held that the relief prayed for in the complainant's bill should be decreed by the court of chancery,

with the single exception of the prayer for an accounting, which matter not having been argued before this court was sent back to be disposed of in the court below. .Upon the return of the case to the court of chancery, application was made for the taking of an account of the profit made by the defendants through their use of the complainant's secret process; and, after argument before Vice-Chancellor Howell (to whom the matter was referred), it was ordered that the defendants account to the complainant for all profits made by them directly or indirectly in, through, or in connection with, detinning tin scrap, or tin cans, at the factories of the American Can Company, and elsewhere, and a reference was directed to a special master of the court to take the account of such profits from the time that detinning was commenced at either of said factories, until the time of the taking of the account. From this order the American Can Company appeals.

The first point raised by counsel on the argument before us is thus stated in his brief: "The right of a complainant to an accounting in equity for the profits made by a defendant in the use of property depends upon the title of the complainant to the property so used, and it appears in the present case that the complainant had no title to the process used by the American Can Company." A reference to our earlier opinion in this case (*72 N. J. Eq. (2 Buch.) 387*) shows that it has already been determined that, as between the parties to this litigation, the complainant is the rightful possessor of the secret process for detinning scrap, and is entitled to protection against the defendant in its user. If the soundness of the abstract principle contained in this contention of the appellant be conceded, the complainant is within it.

It is further insisted on behalf of the appellant that a complainant is not entitled to an accounting against a defendant for profits made by the latter in the use of a secret process belonging to the complainant, unless such use was made with fraudulent intent; and it is said that no such intent appears in the case. If by this proposition the appellant intends to assert that where the user is begun in good faith, without any knowledge on the part of the defendant that he is infringing on the rights of the complainant, the defendant is entitled to continue it without incur-

ring liability to the complainant until the termination of a litigation instituted by the complainant to establish his right to be protected against the defendant's unlawful user, we cannot assent to it. In our opinion, the rule which comes nearest to doing complete justice between the parties to such a litigation as this, is that laid down by Lord Westbury in the case of *Edelsten* v. *Edelsten, 1 De G. J. & S. 199*, viz., that so long as the defendant continues the user without notice that in doing so he is infringing upon the rights of the complainant, he is under no obligation to account to the latter for the profits made through such user; but that if he continues the user after receiving notice of the rights of the complainant, the complainant is entitled to an accounting from him of all profits made by him after receiving such notice. And the reason of the rule would seem to be that so long as the defendant remains in ignorance of the fact that he is using the property of the complainant, he is innocent of wrong-doing; but just as soon as he receives notice of the complainant's rights, he becomes a wrong-doer if he persists in such user. And he is none the less a wrong-doer because, after receiving notice, he refuses to recognize the rights of the complainant, and puts the latter to a litigation to establish them.

In the present case the proofs do not make it clear that the American Can Company, when they first engaged in the detinning of scrap by the use of the complainant's secret process, had knowledge of the fact that they were infringing on the complainant's rights by doing so; for although, as we stated in our former opinion, it was manifest from the proofs that the president of the can company had such knowledge, that knowledge should not be imputed to the corporation for the purpose of establishing fraud on its part. But after the complainant filed its bill in this cause, and spread its whole case before the can company upon that pleading, the latter had full notice of the complainant's rights, and, in continuing the user of the secret process after that notice, it became a willful wrong-doer.

We conclude, therefore, that the complainant is entitled to an accounting from the can company of all profits made by it through the use of the secret process, from the date of the filing

of the bill in this cause up to the time of the taking of the account.

On the other points raised by this appeal we concur in the opinion filed by Vice-Chancellor Howell in the court below.

As the order appealed from requires the can company to account for all profits made by it from the inception of its use of the secret process, there will be a technical reversal for the purpose of modifying the order to the extent which we have indicated.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL—13.