A. D. HOWE MACH. CO. v. DAYTON, United States District Judge.

(Circuit Court of Appeals, Fourth Circuit. November 28, 1913.)

No. 1,223.

1. MANDAMUS (§ 58*)—RIGHT TO WRIT—ISSUANCE—COMPLIANCE WITH MANDATE.

The Circuit Court of Appeals has power by mandamus to compel the carrying out of its decree and mandate by the trial court, but such power will be exercised only when it appears that the court below has refused to perform a duty which is required by the mandate, and the petitioner is without adequate relief.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 121; Dec. Dig. § 58.*

Enforcement of decree of appellate court by mandamus, see note to Ex parte Chicago Title & Trust Co., 77 C. C. A. 409.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 1194*)—INTERLOCUTORY DECREE—REVIEW.
Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [U. S. Comp. St. Supp. 1911, p. 194]) § 129, provides that where on a hearing in equity in a District Court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken therefrom to the Circuit Court. of Appeals, notwithstanding an appeal in such case, upon final decree, might be taken direct to the Supreme Court. *Held,* that where a decree was entered declaring complainant's patent valid and infringed by defendant, granting an interlocutory injunction, and directing a reference to a master for an accounting, it was interlocutory only, and an appeal therefrom brought up for review only the question of the validity and infringement of the patent and complainant's right to an injunction, and hence a mandate of affirmance could not be regarded as determining any matter connected with a reference to determination of damages, if any, to which complainant was entitled.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–4656, 4660; Dec. Dig. § 1194.*]

Petition by the A. D. Howe Machine Company for writ of mandamus against Hon. Alston G. Dayton, United States District Judge for the Northern District of West Virginia, to compel alleged compliance with the original decree in a suit for infringement of patent after affirmance on appeal. Denied.

H. E. Dunlap, of Wheeling, W. Va., for petitioner.

R. J. McCarty, of Dayton, Ohio, for respondent.

Before PRITCHARD and WOODS, Circuit Judges, and ROSE, District Judge.

PRITCHARD, Circuit Judge. This is a petition for a writ of mandamus to compel the judge of the District Court for the Northern District of West Virginia to comply with the terms of the decree originally entered in the case of Coffield Motor Washer Co., Complainant, v. A. D. Howe Machine Co., Defendant. That suit was originally instituted in said district for an infringement of reissued letters patent No. 12,719. The matter was submitted on pleadings and proof on the 26th day of July, 1911, and a decree was entered declaring said letters patent valid and infringed by defendant, granting an interlocutory injunction, and also directing a reference to the master for an accounting; from which decree an appeal was taken to this court, wherein the lower court was affirmed on the 9th day of July, 1912 (197 Fed. 541, 117 C. C. A. 37).

It is contended by the petitioner that:

"On the 26th day of September, 1912, there was entered in this cause an order signed by said Alston G. Dayton, Judge, entitled an 'Amendment to Order of Reference,' which, without the authority of this court, whose mandate said decree now is, materially enlarged the mandate by extending its terms to include matters which, as your petitioner is informed and believes, cannot properly be inquired into and ascertained under said mandate, and which cannot be properly considered under the rules governing accountings to ascertain profits and damages as pointed out in the brief in support of this petition, filed herewith."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is further insisted that the matters called for by the amendment to said order of reference are not matters which can properly be taken into account by the master in assessing the profits and damages to which the complainant may be entitled, and that said amendments are not germane to said decree, and that if a reference is had thereunder that petitioner will be greatly inconvenienced and will suffer irreparable injury.

Petitioner prays that a mandamus issue directed to the district judge of said court to compel him to vacate the said order entered September 26, 1913, and to direct said district judge to instruct the master to proceed with the accounting under the terms of the order of reference contained in the mandate of this court.

[1] That this court has the power by mandamus, when the occasion so requires, to compel the enforcement of its decree and mandate, is well settled. However, in such cases this power will only be exercised when it is made to appear that the court below refuses to perform a duty which is required by the mandate of this court. The writ will be only granted when it appears that the petitioner is without adequate relief.

The Supreme Court of the United States, in Re Blake et al., 175 U. S. 117, 20 Sup. Ct. 42, 44 L. Ed. 94, in referring to this question among other things said:

"The writ of mandamus cannot be issued to compel a judicial tribunal to decide a matter within its discretion in a particular way, or to review its judicial action had in the exercise of legitimate jurisdiction, nor be used to perform the office of an appeal or writ of error. And it only lies, as a general rule, where there is no other adequate remedy. As respects the federal courts, it is well settled that where the mandate leaves nothing to the judgment or discretion of the court below, and that court mistakes or misconstrues the decree or judgment of this court and does not give full effect to the mandate, its action may be controlled, either upon a new appeal or writ of error if involving a sufficient amount, or by writ of mandamus to execute the mandate of this court. City Bank of Ft. Worth v. Hunter, 152 U. S. 512 [14 Sup. Ct. 675, 38 L. Ed. 534]; In re Sanford Fork & Tool Co., 160 U. S. 247 [16 Sup. Ct. 291, 40 L. Ed. 414]; In re Potts, 166 U. S. 263 [17 Sup. Ct. 520, 41 L. Ed. 994]."

[2] The appeal in the case upon which this motion is founded was taken in pursuance of section 129 of the Judicial Code, which is in the following language:

"Where upon a hearing in equity in a District Court, or by a judge thereof in vacation, an injunction shall be granted, continued, refused, or dissolved by an interlocutory order or decree, or an application to dissolve an injunction shall be refused, or an interlocutory order or decree shall be made appointing a receiver, an appeal may be taken from such interlocutory order or decree granting, continuing, refusing, dissolving, or refusing to dissolve, an injunction, or appointing a receiver, to the Circuit Court of Appeals, notwithstanding an appeal in such case might, upon final decree under the statutes regulating the same, be taken directly to the Supreme Court. * * *"

We find the following reference to the foregoing section in Walker on Patents (3d Ed.) § 644a:

"An appeal from an interlocutory decree which grants, continues, refuses, dissolves or refuses to dissolve an injunction, may be taken to the Circuit Court of Appeals, for the circuit in which that decree was rendered, at any

time within thirty days from the entry of the decree. Such an appeal will secure a review of that part of the decree which refers to an injunction; and to that end, the Circuit Court of Appeals will decide the question of validity and infringement, and whatever other questions underlie the question of the justice of an injunction. * *. * "

In the case of Kilmer Mfg. Co. v. Griswold et al., 67 Fed. 1017, 15 C. C. A. 161, the Circuit Court of Appeals for the Second Circuit, in referring to this question, said:

"Inasmuch as the decree of the Circuit Court is not final, the only appeal which can be considered is from so much of such decree as grants an injunction."

In the case of Metallic Extraction Co. v. Brown, 104 Fed. 345, 43 C. C. A. 568, the Circuit Court of Appeals for the Eighth Circuit said:

"It is urged finally in behalf of the appellant that the decree which was entered by the lower court must, in any event, be modified so as to exempt it from an accounting for damages resulting from the infringement, because the appellee did not allege in his bill or tender any evidence that he had marked his machines with the word 'Patented,' together with the day and year the patent was granted, or prove that the defendant was duly notified of the infringement, as required by section 4900 of the Revised Statutes (U. S. Comp. St. 1901, p. 3388). In support of this proposition, the appellant cites Dunlap v. Schofield, 152 U. S. 244, 14 Sup. Ct. 576, 38 L. Ed. 426; also, Coupe v. Royer, 155 U. S. 565, 584, 15 Sup. Ct. 199, 39 L. Ed. 263. With reference to this point, it may be said that, as this is an appeal taken under the provisions of section 7 of the Act of March 3, 1891, c. 517, 26 Stat. 828, as amended by the Act of February 18, 1895, 28 Stat. 666, c. 96 (U. S. Comp. St. 1901, p. 550), the decree below not having as yet become final, the appeal brings before this court for review only so much of the decree as awarded an injunction. Besides, we do not find that the attention of the lower court was directed to that clause of its decree which authorized an accounting as to the damages, and it may be that no damages will ever be claimed by the appellee or assessed in his favor. In view of these considerations, we do not deem it necessary at this time to wade through the great volume of testimony to ascertain if there was, in fact, sufficient evidence that notice of the infringement had been given to the appellant to warrant a recovery of damages as well as profits. This question may well be left open for future consideration when there shall have been a final decree which awards damages."

Also in the case of Ex parte National Enameling Co., 201 U. S. 156, 26 Sup. Ct. 404, 50 L. Ed. 707, the Supreme Court of the United States, in referring to this subject, said:

"* * * It will be noticed that the appeal is allowed from an interlocutory order or decree granting or continuing an injunction, that it must be taken within thirty days, that it is given precedence in the appellate court, that the other proceedings in the lower court are not to be stayed, and that the lower court may require an additional bond. Obviously that which is contemplated is a review of the interlocutory order, and of that only. It was not intended that the cause as a whole should be transferred to the appellate court prior to the final decree. The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered. It may be true, as alleged by petitioners, that 'it is of the utmost importance to all of the parties in said cause that there shall be the speediest possible adjudication by the United States Circuit Court of Appeals as to the validity of all the claims of the aforesaid letters patent which are the subject-matter thereof.' But it was not intended by this section to give to patent or other cases in which interlocutory decrees or orders were made any precedence. It is generally true that it is of importance to litigants that their cases be disposed of promptly, but other cases have the same right to early hearing. And the pur-

pose of Congress in this legislation was that there be an immediate review of the interlocutory proceedings and not an advancement generally over other litigation.

"Petitioners rely mainly on Smith v. Vulcan Iron Works, 165 U. S. 518 [17 Sup. Ct. 407, 41 L. Ed. 810]. In that case it was held that, when an appeal is taken from an interlocutory order granting or continuing an injunction, the whole of the order is taken up, and the appellate court may (if upon an examination of the record as thus presented it is satisfied that the bill is entirely destitute of equity) direct a dismissal, and is not limited to a mere reversal of the order granting or continuing the injunction. Take an ordinary patent case. If an injunction is granted by an interlocutory order, and the order is taken on appeal to the Circuit Court of Appeals, and that court is of opinion that the patent is on its face absolutely void, it would be a waste of time and an unnecessary continuance of litigation to simply enter an order setting aside the injunction and remanding the case for further proceedings. The direct and obvious way is to order a dismissal of the case, and thus end the litigation. And such is the scope of the opinion in that case. After noticing the general rule that appeals will not lie until after final decree, and that an order or decree in a patent case granting an injunction and sending the cause to a master for accounting is interlocutory only, and therefore not reviewable on appeal before the final decree in the case, it referred to the provision of section 7, and said (165 U. S. 525, 17 Sup. Ct. 410, 41 L. Ed. 810): 'The manifest intent of this provision, read in the light of the previous practice in the courts of the United States, contrasted with the practice in courts of equity of the highest authority elsewhere, appears to this court to have been, not only to permit the defendant to obtain immediate relief from an injunction, the continuance of which throughout the progress of the cause might seriously affect his interest, but also to save both parties from the expense of further litigation, should the appellate court be of opinion that the plaintiff was not entitled to an injunction because his bill had no equity to support it.' But nowhere in the opinion is it intimated that the plaintiff was entitled to take any cross-appeal or to obtain a final decree in the appellate court. This view of the scope of section 7 was reaffirmed in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 494, 495 [20 Sup. Ct. 708, 44 L. Ed. 856]."

While the decree of the lower court in the suit upon which this motion is based among other things ordered a reference for an accounting, in accordance with the usual practice, those matters were not argued, and from that portion of the decree standing by itself no appeal could have been taken at that stage of the proceedings. So clearly was this understood that this court did not consider the same or undertake to pass upon any question other than the action of the lower court in holding that the patent was valid and had been infringed and as to granting the injunction.

While the decree of the lower court directs a reference, the same had not been executed at the time the case was brought here on appeal. There had been no determination of the matters involved therein, such as would arise upon the incoming of the master's report and the entry of the final decree.

Where a decree of the District Court is final and has been affirmed by this court and nothing is therefore left to the discretion of the lower court, and the district judge refuses to enforce the same or seeks to enlarge the scope of the decree so as to include matters not contained in the original decree, as alleged in this instance, we would be constrained to issue the writ. However, the decree in question is not final, nor has the same in so far as it relates to the reference for an account-

ing been considered or passed upon by this court; therefore we do not deem it expedient to grant the writ of mandamus as prayed for in this instance.

Motion for mandamus denied.