CARTER PRODUCTS, Inc., Joseph G. Spitzer, and Marvin Small, Plaintiffs,

v.

COLGATE–PALMOLIVE COMPANY, Stalfort Pressure-Pak Corporation, John C. Stalfort & Sons, Inc., and Read Drug & Chemical Company, Inc., Defendants.

Civ. No. 6924.

United States District Court
D. Maryland, Civil Division.

May 9, 1957.

George B. Finnegan, Jr., New York City, and John W. Avirett, 2d, Baltimore, Md. (Morgan, Finnegan, Durham & Pine, Morris Kirschstein, Jerome G. Lee and William D. Denson, Washington, D. C., and Piper & Marbury, Baltimore, Md., on the brief), for Carter Products, Inc.

Mathias F. Correa, New York City, and H. Vernon Eney, Baltimore, Md. (Thomas C. Mason and William T. Lifland, New York City, on the brief), for Colgate-Palmolive Co.

THOMSEN, Chief Judge.

Defendant Colgate has moved to "clarify and amplify" the decree entered herein by Judge Coleman and affirmed by the Court of Appeals, 4 Cir., 230 F.2d 855, by changing the accounting period for damages and profits which was specified in paragraph 14 of the decree and in the opinion and mandate of the Court of Appeals. For Judge Coleman's opinion see D.C., 130 F.Supp. 557.

The complaint charged patent infringement and appropriation of trade secrets relating to a pressurized shaving cream. After a long trial, Judge Coleman held the patent valid, enjoined infringement thereof, enjoined the use of trade secrets wrongfully appropriated by Colgate, ordered Colgate to assign to plaintiffs certain rights under patent applications, and referred the case to a special master to determine and report on the damages resulting from infringement and the damages and profits for which Colgate should be required to account because of its misappropriation of plaintiffs' trade secrets. The question whether increased damages should be awarded was reserved for future determination.

Paragraph 14 of the decree provided that plaintiffs have and recover from Colgate any damages which plaintiffs have suffered and any profits which Colgate has made by reason of Colgate's misappropriation of plaintiffs' trade secrets; "that the accounting period begin on the date when Colgate first went on the market with its product 'Rapid-Shave' up to and including the date of the last sale of any of its pressurized shaving lather products embodying the trade secret specified in paragraph No. 12(c) above; as to those products embracing only the trade secrets specified in paragraphs No. 12(a) and No. 12(b) above, the accounting period shall terminate as of the date of issuance of said patent, and the accounting will embrace all pressurized shaving lather products produced by Colgate during said period embracing any one or all of said trade secrets * * *."

Three principal questions were presented by the appeal to the Fourth Circuit: "(1) Is the patent valid? (2) Should the findings of the trial court as to misappropriation of trade secrets be sustained? And (3) Is the decree proper?". 230 F.2d at page 857.

The Fourth Circuit affirmed the decree in an opinion by Chief Judge Parker, in which he said, inter alia: "Decree was properly entered enjoining infringement of the patent and awarding damages because of infringement, and, as to Colgate, awarding damages from the time that this defendant began using the trade secrets which it had obtained by the employment of Fine." 230 F.2d at page 865. Paragraph 14 of Judge Coleman's decree was incorporated verbatim in the mandate of the Court of Appeals.

Despite the clarity of these rulings, Colgate seeks an order: (1) specifying that the calculation of profits and/or damages with respect to the matter of trade secret appropriation proceed in accordance with the law of New Jersey; (2) specifying that plaintiffs may not recover profits and damages prior to the receipt of actual notice on the part of Colgate that it was in fact using a trade secret thereafter found to be the property of plaintiffs; (3) determining that no such notice was received by Colgate prior to the initiation of this action; and (4) referring to the special master the determination of when, after the commencement of the action, Colgate received such notice.

The first problem is whether this court has any power to consider the

questions raised by the motion, in view of the mandate and opinion of the Court of Appeals. The general rule is that where a question involved in a case has been determined by an appellate court, its decision becomes the law of the case and controls the lower court in any subsequent trial thereof. Baltimore & O. R. Co. v. Deneen, 4 Cir., 167 F.2d 799. "Every question of law or fact which was before the Circuit Court of Appeals and decided by their opinions was thereby conclusively settled for this court upon the subsequent proceedings. The matters not decided on those appeals are open for consideration here; but, so far as questions of fact or law were specifically decided, this court is not at liberty to re-examine any such decided matters, but must proceed in conformity to the mandate as interpreted by the opinions of the reviewing court." William Wrigley, Jr., Co. v. L. P. Larson, Jr., Co., D.C. W.D.Ill., 5 F.2d 731, 735, affirmed 7 Cir., 20 F.2d 830, reversed on another point, 277 U.S. 97, 48 S.Ct. 449, 72 L.Ed. 800.

Colgate argues that Judge Coleman's decree was interlocutory so far as the trade secret issue was concerned; that 28 U.S.C. § 1292 makes no provision for interlocutory appeals in actions for trade secret appropriation; that the sole bases of appellate jurisdiction were (1) that this is a patent case, and (2) that the court had ordered the issuance of an injunction with respect to trade secret appropriation; and that "there was no statutory basis whatsoever for any consideration on the part of the Court of Appeals as to the extent of defendant Colgate's liability for damages". Colgate relies on Loew's Drive-in Theatres v. Park-In Theatres, 1 Cir., 174 F.2d 547, and A. D. Howe Mach. Co. v. Dayton, 4 Cir., 210 F. 801. Those cases, however, are distinguishable from the case at bar. In Loew's, an action for unpaid royalties was joined in the same complaint with an action for patent infringement. The separate opinions of Judge Woodbury and Judge Magruder both recognized that the two causes of action were separate and distinct; the one was not in

any proper sense ancillary to the other. In the instant case, the claim based on the misappropriation of trade secrets was joined with the substantial and related claim under the patent laws, as permitted by 28 U.S.C. § 1338(b). Howe was a patent case, in which the appeal from the interlocutory decree was taken under old sec. 129 of the Judicial Code, quoted in 210 F. at page 803. The court said, 210 F. at page 805: "While the decree of the lower court *. * * ordered a reference for an accounting, * * * those matters were not argued, and from that portion of the decree standing by itself no appeal could have been taken at that stage of the proceedings. So clearly was this understood that this court did not consider the same or undertake to pass upon any question other than the action of the lower court in holding that the patent was valid and had been infringed and as to granting the injunction."

In the instant case, the facts and law with respect to misappropriation of trade secrets had to be considered by the Court of Appeals in determining the propriety of the injunction. Judge Parker's opinion discussed those facts at length, 230 F.2d 863, et seq., and concluded, at page 864: "He [Fine] was not entitled to give to Colgate the benefit of business secrets which had been disclosed to him at Snell's; and Colgate could not close its eyes to facts which clearly indicated that this was what he was doing, even if he had not been employed for that express purpose. One may not escape liability for appropriating the business secrets of another by employing one who has been entrusted with the secrets and permitting him to make use of them." Judge Parker cited and applied the general law, including the A.L.I. Restatement of Torts, sec. 757, and cases from various federal and state jurisdictions. Under heading 3, "The Decree", he stated that the decree was properly entered enjoining infringement of the patent and "as to Colgate, awarding damages from the time that this defendant began using the trade secrets which it had obtained by

the employment of Fine." The decree was affirmed.

■ Colgate filed a motion for rehearing on a number of points, but did not contend that the Court of Appeals had exceeded its jurisdiction in fixing the accounting period. "The time to object to any oversight in an order of affirmance is by petition for rehearing or other appropriate proceedings in the appellate court." Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 76 F.2d 918, 922. Colgate contends that Judge Coleman and the Court of Appeals were precluded from fixing the accounting period by a stipulation made during the trial that "the offer of proof at the trial on the issue of damages and loss of profits under counts 1, 2, 3 and 4 of the complaint and supplementary complaint [the counts relating to the trade secrets] will be deferred until the questions of liability under said counts has (sic) been adjudicated by the trial court." Pursuant to this stipulation, no evidence of the amount of damages or loss of profits was offered at the trial; but the evidence with respect to the misappropriation of trade secrets dealt with the question of Colgate's knowledge, as is apparent from the discussion of the facts and of the law both by Judge Coleman and Judge Parker in their respective opinions, D.C., 130 F.Supp. 571 et seq., 4 Cir., 230 F.2d 863 et seq. When the question of the accounting period was argued before Judge Coleman, Carter proposed the provision which became paragraph 14 of the decree. Colgate proposed that the determination of the proper period be left to the special master, but did not argue then or in the Court of Appeals that the stipulation prevented Judge Coleman from deciding the question at that time.

Colgate filed a motion in the Court of Appeals for leave to move in the District Court to be relieved of the effect of a stipulation admitting the infringement of certain claims of the patent in suit. The Court denied the motion and said: "Question has been raised as to whether it is necessary since the adoption of the Rules of Civil Procedure, 28 U.S.C.A. for leave to be obtained from the appellate court for the trial court to consider a motion such as this. Without passing on the general question as to whether leave must be obtained to prosecute a motion in the District Court to modify a judgment which has been affirmed on appeal (See Moore's Federal Practice vol. 7, pp. 339–340) we think that the judge below properly ruled that leave must be obtained in the present circumstances, since the granting of the motion would necessarily involve an interpretation of our decision and a holding that the scope of the claims of the patent had been limited by that decision." 4 Cir., 243 F.2d 163.

There is considerable doubt, therefore, whether this court has power to consider the questions raised by Colgate's pending motion. However, since the determination of the amount of damages and profits for which Colgate is liable is still in an interlocutory stage, I have read carefully the 91–page brief filed by Colgate in support of this motion, together with the other briefs filed by Colgate and Carter, have given counsel for Colgate unlimited time to argue the facts in support of their motion, and have read the testimony, colloquy and exhibits with respect to all facts not admitted by the opposite side.

■ Colgate's principal contention is that most of the wrongful acts occurred in New Jersey and that under the New Jersey law a third party cannot be held liable for profits and damages for wrongfully using trade secrets until the third party has actual notice or knowledge that it is invading a right of the owner of the trade secrets. Colgate relies on Vulcan Detinning Co. v. American Can Co., 75 N.J.Eq. 542, 73 A. 603, which so holds. But the rule enunciated in the Vulcan case is not in conflict with but is representative of the general law stated in the authorities cited by Judge Parker. 230 F.2d 864, 865.

■ Notice and knowledge, like most other facts, can be proved by circumstantial evidence and inference from

other facts established by the evidence. I am satisfied, and find as a fact, that Colgate had actual knowledge that it was using at least one of Carter's trade secrets well before the date when Colgate first went on the market with its product "Rapid Shave". It follows, therefore, that no injustice will be done to Colgate by enforcing paragraph 14 of the decree, and that even if I have the power to consider the motion, no change in the provisions of that paragraph should be made.

The motion is hereby denied.